## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VANDA PHARMACEUTICALS, INC.,
2200 Pennsylvania Avenue NW
Suite 300E
Washington, DC 20037

Civ. No. 22-cv-3807

                                          Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION,
10903 New Hampshire Avenue
Silver Spring, MD 20993

                                          Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Vanda Pharmaceuticals, Inc. ("Vanda") brings this Complaint against Defendant Food and Drug Administration and alleges as follows:

### NATURE OF THE ACTION

1.    Vanda brings this action to compel Defendant Food and Drug Administration ("FDA") to produce records to Vanda as required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.    Vanda submitted a FOIA request to FDA in March 2022, seeking internal FDA documents relating to Vanda's drug Hetlioz® (tasimelteon).

1

3. FDA acknowledged Vanda's request on April 6, 2022. It has not otherwise responded to the request.

4. FDA has failed to make a determination as to Vanda's request within the statutory timeframe. Because of FDA's failure to adhere to the statutory requirements, this Court has jurisdiction to adjudicate the dispute over the requested records now.

5. The Court should declare that FDA's failure to respond, to search for records, or to produce documents in response to Vanda's request violates FOIA and grant injunctive relief directing FDA to conduct a search and to produce responsive documents to Vanda immediately.

## PARTIES

6. Plaintiff Vanda Pharmaceuticals, Inc., is a global biopharmaceutical company focused on the development and commercialization of innovative therapies to address high-impact unmet medical needs and improve the lives of patients. Vanda is incorporated in Delaware and maintains its principal place of business in Washington, DC.

7. Defendant Food and Drug Administration ("FDA") is an agency of the United States government within the Department of Health and Human Services, with its principal office at 10903 New Hampshire Avenue, Silver Spring, MD.

## JURISDICTION AND VENUE

8. This action seeks declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

9.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction is also proper under 28 U.S.C. § 1331 because the cause of action asserted arises under the laws of the United States.

10.     Venue in this court is appropriate pursuant to 5 U.S.C. § 552(a)(4)(B).

11.     Vanda is not required to further exhaust its administrative remedies because, under FOIA, a requestor of records "shall be deemed to have exhausted his administrative remedies with respect to [a] request if the agency fails to comply with the applicable time limit" for providing a response to a FOIA request. 5 U.S.C. § 552(a)(6)(C)(i). As detailed below, FDA did not provide Vanda with a response to a FOIA request within the time period required by the statute.

## BACKGROUND

### A.      Vanda's interactions with FDA concerning tasimelteon

12.     Hetlioz® (tasimelteon) is among a class of drugs known as melatonin receptor agonists, which bind to and activate receptors in the brain for melatonin, a hormone that regulates the sleep cycle.

13.     Vanda licensed tasimelteon from Bristol-Myers Squibb in 2004. In 2014, after years of development work and clinical trials, FDA approved tasimelteon to treat non-24-hour sleep-wake disorder ("Non-24"), a condition in which an individual's circadian rhythms become misaligned with the 24-hour day.

14.     Since 2014, Vanda has marketed tasimelteon under the brand name Hetlioz®.

15.     Vanda has devoted significant resources to researching the efficacy of using tasimelteon to treat other sleep-related disorders.

3

16.     As a result of that research, Vanda has submitted multiple supplemental new drug applications to FDA, seeking to add new indications for tasimelteon.

17.     In October 2018, Vanda filed a Supplemental New Drug Application (sNDA) with FDA, seeking approval to market Hetlioz® for the treatment of Jet Lag Disorder.

18.     Jet Lag Disorder is an acute circadian rhythm disorder affecting individuals who travel rapidly across multiple time zones.

19.     On August 16, 2019, FDA issued a Complete Response Letter (CRL) in which it declined to accept the sNDA or otherwise approve Hetlioz® for treatment of Jet Lag Disorder.

20.     Vanda has continued to pursue the Jet Lag sNDA through FDA's internal administrative processes.

21.     In November 2022, Vanda submitted an sNDA with FDA, seeking approval to market Hetlioz® for the treatment of insomnia.

22.     FDA received the insomnia sNDA materials on November 14, 2022.

23.     Vanda is continuing to work with FDA to pursue approval of the insomnia sNDA.

**B.     Vanda's FOIA Request**

24.     On March 31, 2022, Vanda submitted a FOIA request to FDA seeking "all FDA files, memos, or internal communications regarding or discussing" "the drug tasimelteon," "the manufacture or production of the drug tasimelteon," or several specified patents relating to tasimelteon and its manufacture. *See* Ex. A.

25.     Vanda's request includes records that are not subject to any FOIA Exemption. To the extent that any Exemption does apply to some documents, those documents can be readily identified and segregated.

26.     The records Vanda seeks are thus not categorically exempt from disclosure under FOIA. *See Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995).

27.     The Director of FDA's Division of Freedom of Information acknowledged receipt of Vanda's request by letter dated April 6, 2022. Ex. B. She assured Vanda that FDA would "respond as soon as possible." *Id.*

28.     Vanda's FOIA request was assigned FDA FOIA Control No. 2022-2574.

29.     FOIA requires an agency, after receiving a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available" to the requestor. 5 U.S.C. § 552(a)(3)(A).

30.     The agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [proper FOIA] request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

31.     FDA did not satisfy this deadline.

32.     This 20-day period can be extended, in "unusual circumstances," by no more than ten additional business days. 5 U.S.C. § 552(a)(6)(B)(i).

33.     Even assuming that "unusual circumstances" existed, FDA did not meet its deadline to provide a response. In "unusual circumstances," FDA would have 30 business days from April 6 to make a determination as to Vanda's request. FDA did not do so. To date, almost nine months have elapsed, and FDA has not provided any records or otherwise issued a determination as to Vanda's request.

## LEGAL ARGUMENT

34.     FOIA allows an agency a *maximum* of thirty working days within which to make a determination on a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B). The agency must then make responsive, nonexempt records "promptly available" to the requestor. *Id.* § 552(a)(3)(A).

35.     It has been nearly nine months—well over thirty working days—since FDA acknowledged Vanda's request.

36.     "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

37.     On information and belief, FDA has not satisfied any of these basic requirements. It has not conducted a search for responsive documents. It has not determined—and certainly has not communicated—the scope of documents to be withheld and disclosed. And FDA has not

informed Vanda of any determination on the request, including concerning the appealability of any adverse portions of the determination.

38.     FDA thus has yet to issue a determination on the request or produce any responsive documents. It has exceeded the maximum statutory thirty-working-day window. 5 U.S.C. § 552(a)(6)(A)-(B).

39.     FOIA authorizes a district court to stay proceedings and "allow the agency additional time to complete its review of the records" only if "the Government can show [that] exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). The burden of demonstrating exceptional circumstances is on the agency. *Id.*

40.     A stay is not warranted here because FDA cannot show either "exceptional circumstances" or that it is responding to Vanda's request with due diligence.

41.     In order to show that exceptional circumstances exist, "[a]n agency must show more than a great number of requests" (*Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 n.4 (D.D.C. 2005)); it must also show that "the number of requests received in the relevant period was truly unforeseen and remarkable," or that it is making progress in reducing its backlog of requests. *Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 116 (D.D.C. 2019).

42.     Here, the available data demonstrate that FDA's current load of FOIA requests is neither unforeseen nor remarkable, and that FDA is not making any progress on its backlog.

43.     The number of FOIA requests received by FDA each year has remained relatively stable over the last few years. Indeed, the number of requests declined substantially over the last two years.[1]

| Year | Number of Requests Received by FDA |
|------|------------------------------------|
| FY2021 | 8,394 |
| FY2020 | 9,801 |
| FY2019 | 11,557 |
| FY2018 | 10,329 |
| FY2017 | 11,062 |
| FY2016 | 10,374 |
| FY2015 | 9,954 |

44.     Given the relative stability of FDA's inflow of requests, FDA cannot credibly claim that its current FOIA workload is unforeseeably or unusually high.

45.     The data also indicate that FDA has not been making reasonable progress in reducing its backlog of requests. On the contrary, the data indicate that FDA's backlog has stayed relatively flat—and even grown substantially in the most recent fiscal year with reported data[2]:

---

[1]     FY2015-18 data taken from the Department of Health and Human Services' Freedom of Information Annual Reports (https://www.hhs.gov/foia/reports/annual-reports/index.html); FY2019, FY2020, and FY2021 data is from FDA's FY2019 FOIA Log (https://www.fda.gov/regulatory-information/freedom-information/fda-foia-logs).

[2]     Data taken from the Department of Health and Human Services' Freedom of Information Annual Reports.

| Fiscal Year | Number of Backlogged Requests at FY End |
|---|---|
| FY2021 | 3,577 |
| FY2020 | 2,825 |
| FY2019 | 3,172 |
| FY2018 | 2,666 |
| FY2017 | 2,279 |
| FY2016 | 2,248 |
| FY2015 | 2,337 |

46.    Because FDA is neither dealing with an unforeseen level of FOIA requests nor making progress on its FOIA backlog, it cannot show the "exceptional circumstances" required to warrant a stay.

47.    Even if "exceptional circumstances" existed, a stay would be unwarranted because FDA cannot show that it is responding to Vanda's request with due diligence.

## CLAIMS

## COUNT I

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Conduct an Adequate Search**

48.    Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-47 as though fully set forth herein.

49.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable to procedural rules, to "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).

50.     Vanda's FOIA request dated September March 31, 2022, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to make a determination on the request and to produce documents without delay.

51.     FDA's failure to conduct a reasonable search for records responsive to Vanda's FOIA request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT II

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Respond within Time Required**

52.     Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-51 as though fully set forth herein.

53.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "determine . . . whether to comply with such request" and "immediately notify the person making such request." 5 U.S.C. § 552(a)(6)(A)(i). FDA must make this determination "within 20 days (excepting Saturdays, Sundays, and legal public holidays)" and permits a ten business-day extension in "exceptional circumstances" for a maximum of 30 business days. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i).

54.     Vanda's FOIA request dated March 31, 2022, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to make a determination on the request and to produce responsive documents without delay.

55.     To date, nearly nine months later, FDA has not responded to Vanda's request. FDA's 30-business-day deadline has long since passed. FDA's failure to respond to Vanda's request thus violates FOIA.

## COUNT III

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Provide Responsive Records

56.     Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-55 as though fully set forth herein.

57.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

58.     Vanda's FOIA request dated March 31, 2022, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to produce the documents without delay.

59.     FDA's failure to provide the responsive, nonexempt records thus violates FOIA.

### PRAYER FOR RELIEF

WHEREFORE, Vanda respectfully requests that this Court enter judgment in its favor and that the Court:

1. Declare that FDA's failure to respond, search, or produce responsive documents for nearly nine months after the receipt of Vanda's request violates FOIA.

2. Order that Defendant FDA expeditiously conduct an adequate search for all records responsive to Vanda's FOIA request.

3. Order that Defendant FDA process and disclose the requested documents in their entirety and promptly make copies available to Vanda.

4. Award Vanda its costs and reasonable attorney's fees incurred in this action.

5. Award Vanda such other and further relief as the Court may deem just and proper.

Dated: December 22, 2022

Respectfully submitted,

*/s/ Paul W. Hughes*

Paul W. Hughes (D.C. Bar No. 997235)
Andrew A. Lyons-Berg (D.C. Bar No. 230182)
Charles Seidell (D.C. Bar. No. 1670893)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

*Attorney for Plaintiff*